IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUIKNODDA TYSHAY DOWNER,

    Plaintiff,

        v.

                        CIVIL ACTION FILE
                        NO. 1:15-CV-3734-TWT

JEFFREY BOYER, LP, et al.,

    Defendants.

## OPINION AND ORDER

This is a personal injury case arising out of a motor vehicle collision. It is before the Court on the Defendants Clark Logistics, LLC and Jeffrey Boyer's Motion for Partial Summary Judgment [Doc. 43]. For the reasons stated below, the Defendants' Motion for Partial Summary Judgment [Doc. 43] is GRANTED.

### I. Background

The Plaintiff Downer is a Georgia resident. The Defendant Clarks is an interstate motor carrier registered and with its principal place of business in Oklahoma. The Defendant Boyer was, at the time of the collision, a resident of Oklahoma and was employed as a driver for Clarks. Boyer first obtained a commercial

driver's license in Texas in 2000.[1] Boyer then obtained a second commercial driver's license in 2004 in Oklahoma, a Class A license that was still valid at the time of the collision.[2] In order to obtain those licenses, Boyer took and passed both written and driving exams.[3] At no time has Boyer ever had his license suspended, nor had any restrictions placed on his driver's licenses.[4] The only incident on record involving Boyer prior to this case was a collision involving his personal vehicle while he was backing out of a driveway, an incident for which Boyer was issued a citation.[5]

Before he was hired by Clarks, Boyer filled out an application for employment. Clarks asked Boyer for information about prior accidents or citations, and obtained both his motor vehicle report and pre-employment screening program report. Clarks did not see anything on either report which disqualified Boyer from employment. Clarks also obtained a copy of Boyer's commercial driver's license before he was hired.[6]

---

[1]    Defs.' Statement of Mat. Facts ¶ 13.

[2]    Id. at ¶¶ 14-15.

[3]    Id. at ¶ 16.

[4]    Id. at ¶¶ 17-18.

[5]    Id. at ¶¶ 19-21.

[6]    Id. at ¶¶ 31-35.

On June 12, 2015, Boyer was driving a tractor trailer for Clarks on Interstate 285 West, while the Plaintiff was driving a 2015 Hyundai Elantra in the same direction in the right hand lane.[7] The Plaintiff slowed down to allow another vehicle to merge in front of her. Boyer's tractor then collided with the rear left side of the Plaintiff's car.[8] As a result of that collision, the Plaintiff alleges that she suffered medical injuries. The Plaintiff has alleged four counts against the Defendants, including: negligence against all Defendants, negligent hiring, training, and supervision against Clarks, as well as compensatory and punitive damages against all Defendants. The Defendants Boyer and Clarks now move for summary judgment on the negligent hiring and punitive damages claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[9] The court should view the evidence and any inferences that may be drawn in the light most favorable to the

---

[7]   Id. at ¶¶ 1-3.

[8]   Id. at ¶¶ 7, 11-12.

[9]   FED. R. CIV. P. 56(a).

nonmovant.[10] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[11] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[12] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[13]

## III. Discussion

Under Georgia law, respondeat superior and negligent hiring, training, and supervision are mutually exclusive theories of liability.[14] In order to prevent double recovery, "when an employer admits the applicability of respondeat superior, it is [generally] entitled to summary judgment on claims for negligent entrustment, hiring, and retention."[15] However, a plaintiff can maintain a negligent hiring claim if he "has a valid claim for punitive damages against the employer based on its independent

---

[10]     Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[11]     Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[12]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[13]     Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[14]     Durben v. American Materials, Inc., 232 Ga. App. 750, 751 (1998).

[15]     Id. Clarks has admitted respondeat superior liability in this case. See Defs.' Mot. for Partial Summ. J., at 9.

negligence in hiring and retaining the employee or entrusting a vehicle to such employee." Thus, the pertinent question for the Court to address is whether Downer has a valid basis for punitive damages on her negligent entrustment, hiring, and retention claims.

Unfortunately for the Plaintiff, she does not. In order to support a claim for punitive damages, the evidence needs to be "[c]lear and convincing" that a defendant acted in such a way as to demonstrate "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[16] In other words, punitive damages are only awarded in truly egregious cases of misconduct.

There is no evidence to suggest Clarks acted in such a way.[17] There is no evidence that Boyer had a prior history of misconduct on the road. The only collision he had ever been in prior to this case involved his personal vehicle while he was pulling out of a driveway. Boyer had a commercial driver's license, and nothing in his background reports suggested he was not a capable driver. Even assuming *arguendo*

---

[16]    O.C.G.A. § 51-12-5.1(b).

[17]    Downer never submitted a response to the Defendants' Statement of Material Facts, nor did she file a Statement of Additional Material Facts. Pursuant to L.R. 56.1(B), the facts contained in the Defendants' Statement of Material Facts are deemed admitted, and neither party contends that there are any disputed material issues of fact.

that Clarks was negligent in its hiring, training, supervision, or lack thereof, "[n]egligence, even gross negligence, is insufficient to support" an award for punitive damages. The Plaintiff's claim for punitive damages must be dismissed.[18] Likewise, because the Plaintiff cannot show a valid basis for punitive damages, and because the Defendants have admitted respondeat superior liability, the Plaintiff's claim against the Defendant Clarks for negligent hiring, training, and supervision should also be dismissed.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment [Doc. 43] is GRANTED.

SO ORDERED, this 23 day of March, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[18]    Durben, 232 Ga. App. at 751 (citations and quotations omitted).